# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

ALABAMA ASSOCIATED )
GENERAL CONTRACTORS, INC.; )
AUTOMOTIVE AFTERMARKET )
FUND; WORKERSFIRST )
COMPFUND; THE ALABAMA )
SELF-INSURED WORKER'S )
COMPENSATION FUND; THE )
HEATHCARE WORKERS )
COMPENSATION SELF- )
INSURANCE FUND; THE )
ALABAMA WORKERS' )
COMPENSATION SELF- )
INSURANCE FUND; ALABAMA )
TRUCKING ASSOCIATION )
WORKER'S COMPENSATION )     CIVIL ACTION NO.
SELF-INSURANCE FUND; and )     2:06 CV 523-T
ASSOCIATION OF COUNTY )
COMMISSIONS SELF- )
INSURANCE FUND, )
)
    Plaintiffs, )
)
v. )
)
)
PFIZER, INC., successor in interest )
to WARNER-LAMBERT )
COMPANY; DAVID REYNOLDS )
LONGMIRE; jointly and )
individually, )

    Defendants.

## ANSWER

1

Defendant Pfizer Inc. ("Pfizer" or "Defendant"), by its undersigned counsel, hereby answers Plaintiffs' Complaint in the above-captioned action (the "Complaint") as follows:

## INTRODUCTION

1.    Deny the allegations in paragraph 1, except admit that the scientific name for Neurontin® ("Neurontin") is gabapentin.

2.    To the extent that paragraph 2 asserts legal conclusions to which no response is required, Defendant denies these allegations, and otherwise denies the allegations in paragraph 2.

3.    Deny the allegations in paragraph 3, except admit that in 1993, the FDA approved Neurontin for labeling as safe and effective for adjunctive therapy in the treatment of partial seizures in patients with epilepsy at dosages of 900 to 1800 milligrams per day.

4.    Deny the allegations in paragraph 4, except admit that sales of Neurontin have increased since 1995 and deny knowledge or information sufficient to form a belief as to the percentage of Neurontin prescribed for off-label uses.

5.    Deny the allegations in paragraph 5.

6.    Deny the allegations in paragraph 6.

## PARTIES AND VENUE

7.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7, and therefore deny same.

8.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8, and therefore deny same.

9.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9, and therefore deny same.

10.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10, and therefore deny same.

11.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11, and therefore deny same.

12.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12, and therefore deny same.

13.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13, and therefore deny same.

14.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14, and therefore deny same.

15.    Deny the allegations in paragraph 15, except admit that Pfizer is a foreign corporation organized under the laws of Delaware whose headquarters are in New York; admit that Pfizer acquired Warner-Lambert Company in 2000; and admit that Pfizer, directly and/or indirectly through its subsidiaries, has

manufactured, marketed and sold Neurontin since June 2000, before which time Warner-Lambert Company manufactured, marketed and sold Neurontin.

16.    Admit that David Reynolds Longmire is an individual, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16, and therefore deny same.

17.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17, and therefore deny same.

18.    Paragraph 18 asserts a legal conclusion to which no response is required, and Defendant therefore denies the allegations in paragraph 18.

## AS TO FACTUAL ALLEGATIONS

19.    Paragraph 19 asserts a legal conclusion to which no response is required, and Defendant therefore denies the allegations in paragraph 19.

20.    Paragraph 20 asserts a legal conclusion to which no response is required, and Defendant therefore denies the allegations in this paragraph, except admits that physicians may lawfully prescribe drugs for indications and at dosages not in the FDA-approved labeling.

21.    Paragraph 21 asserts a legal conclusion to which no response is required, and Defendant therefore denies the allegations in this paragraph, except admits that pharmaceutical companies may lawfully disseminate to physicians and other health care practitioners qualified forms of written information concerning

4

the safety, effectiveness, or benefit of a use not described in the approved labeling of a drug.

22.    Deny the allegations in paragraph 22, except admit that in December 1993, the FDA approved Neurontin for labeling as safe and effective for adjunctive therapy in the treatment of partial seizures in patients with epilepsy at dosages of 900 to 1800 milligrams per day, and admit that in May 2002 the FDA also approved Neurontin for the management of postherpetic neuralgia.

23.    Deny the allegations in paragraph 23, except admit that at the time that the FDA approved Neurontin, the patent that had been granted for gabapentin, the scientific name for Neurontin, had been granted for a specific period of time.

24.    Deny the allegations in paragraph 24, except admit that Warner-Lambert Company filed several patent applications relating to other uses for gabapentin in the early to mid-1990s.

25.    Deny the allegations in paragraph 25.

26.    Deny the allegations in paragraph 26, except deny information or knowledge sufficient to form a belief as to the size of the market for pain management, psychiatric disorders, anxiety and depression as compared to the market for epilepsy during the relevant period.

27.    Deny the allegations in paragraph 27.

28.    Deny the allegations in paragraph 28.

29.    Paragraph 29 asserts a legal conclusion to which no response is required, and Defendant therefore denies the allegations in paragraph 29.

30.    Deny the allegations in paragraph 30.

31.    Deny the allegations in paragraph 31.

32.    Deny the allegations in paragraph 32 and all of its subparts.

33.    Paragraph 33 asserts a legal conclusion to which no response is required, and Defendant therefore denies the allegations in paragraph 33.

34.    Deny the allegations in paragraph 34.

35.    Deny the allegations in paragraph 35.

36.    Deny the allegations in paragraph 36.

37.    Deny the allegations in paragraph 37

38.    Deny the allegations in paragraph 38.

39.    Deny the allegations in paragraph 39 and all of its subparts.

40.    Deny the allegations in paragraph 40 and refer to the referenced document for its contents.

41.    Deny the allegations in paragraph 41, except admit that any statements made by employees of Warner-Lambert or others speak for themselves.

42.    Deny the allegations in paragraph 42 and refer to the referenced document for its contents.

43.    Deny the allegations in paragraph 43 and all of its subparts.

6

44.    Deny the allegations in paragraph 44.

45.    Deny the allegations in paragraph 45 and all of its subparts.

46.    Deny the allegations in paragraph 46.

47.    Paragraph 47 asserts a legal conclusion to which no response is required, and Defendant therefore denies the allegations in paragraph 47.

48.    Deny the allegations in paragraph 48.

49.    Deny the allegations in paragraph 49.

50.    Deny the allegations in paragraph 50.

51.    Deny the allegations in paragraph 51.

52.    Deny the allegations in paragraph 52.

53.    Deny the allegations in paragraph 53.

54.    Deny the allegations in paragraph 54.

55.    Deny the allegations in paragraph 55 and refer to the referenced documents for their contents.

56.    Deny the allegations in paragraph 56.

57.    Deny the allegations in paragraph 57.

58.    Paragraph 58 asserts a legal conclusion to which no response is required, and Defendant therefore denies the allegations in paragraph 58.

59.    Deny the allegations in paragraph 59 and refer to the referenced documents for their contents.

60.    Deny the allegations in paragraph 60.

61.    Deny the allegations in paragraph 61.

62.    Deny the allegations in paragraph 62 and all of its subparts.

63.    Deny the allegations in paragraph 63, except deny knowledge or information sufficient to form a belief as to whether the referenced grants were charged to the Neurontin marketing budget.

64.    Deny the allegations in paragraph 64.

65.    Deny the allegations in paragraph 65 and refer to the referenced letter for its contents, except deny knowledge or information sufficient to form a belief as to defendant Longmire's state of mind.

66.    Deny the allegations in paragraph 66, except admit that in 1995 and 1996 Parke-Davis conducted a Phase IV trial, known as STEPS, that involved titration of Neurontin.

67.    Deny the allegations in paragraph 67, except deny knowledge or information sufficient to form a belief as to how physicians participating in the study were compensated.

68.    Deny the allegations in paragraph 68.

69.    Deny the allegations in paragraph 69.

70.    Deny the allegations in paragraph 70 and refer to the referenced article for its contents.

71.    Deny the allegations in paragraph 71.

72.    Deny the allegations in paragraph 72.

73.    Deny the allegations in paragraph 73.

74.    To the extent that paragraph 74 asserts legal conclusions to which no response is required, Defendant denies these allegations, and otherwise denies the allegations in paragraph 74.

75.    Deny the allegations in paragraph 75.

76.    Paragraph 76 asserts a legal conclusion to which no response is required, and Defendant therefore denies the allegations in paragraph 76.

77.    Deny the allegations in paragraph 77.

78.    Deny the allegations in paragraph 78.

## WARNER-LAMBERT'S PLEA OF GUILTY OF CRIMINAL VIOLATIONS OF THE FOOD DRUG AND COSMETIC ACT

79.    Deny the allegations in paragraph 79, except admit that on May 13, 2004, an Information was filed against Warner-Lambert Company LLC in the United States District Court for the District of Massachusetts and refer to the Information for its contents.

80.    Deny the allegations in paragraph 80, except refer to the Information for its contents.

81.    Deny the allegations in paragraph 81, except refer to the Information for its contents.

9

82.    Deny the allegations in paragraph 82, except refer to the Information for its contents.

83.    Deny the allegations in paragraph 83, except refer to the Information for its contents.

84.    Deny the allegations in paragraph 84.

## AS TO COUNT ONE

85.    Defendant incorporates its responses to paragraphs 1 through 84 of Plaintiffs' Complaint as if fully set forth herein.

86.    Deny the allegations in paragraph 86.

87.    Deny the allegations in paragraph 87.

## AS TO COUNT TWO

88.    Defendant incorporates its responses to paragraphs 1 through 87 of Plaintiff's Complaint as if fully set forth herein.

89.    To the extent that paragraph 89 asserts legal conclusions to which no response is required, Defendant denies the allegations in paragraph 89; and otherwise denies the allegations in paragraph 89.

90.    To the extent that paragraph 90 asserts legal conclusions to which no response is required, Defendant denies the allegations in paragraph 90; and otherwise denies the allegations in paragraph 90.

91.    Deny the allegations in paragraph 91 and all of its subparts.

92.    Deny the allegations in paragraph 92.

## AS TO COUNT THREE

93.    Defendant incorporates its responses to paragraphs 1 through 92 of Plaintiff's Complaint as if fully set forth herein.

94.    To the extent that paragraph 94 asserts legal conclusions to which no response is required, Defendant denies the allegations in paragraph 94; and otherwise denies the allegations in paragraph 94.

95.    Deny the allegations in paragraph 95, except deny knowledge or information sufficient to form a belief as to defendant Longmire's state of mind.

96.    To the extent that paragraph 96 asserts legal conclusions to which no response is required, Defendant denies the allegations in paragraph 96, and otherwise denies the allegations in paragraph 96 and all of its subparts.

97.    To the extent that paragraph 97 asserts legal conclusions to which no response is required, Defendant denies the allegations in paragraph 97, and otherwise denies the allegations in paragraph 97.

## AS TO COUNT FOUR

98.    Defendant incorporates its responses to paragraphs 1 through 97 of Plaintiff's Complaint as if fully set forth herein.

99.    Deny the allegations in paragraph 99.

100.    Deny the allegations in paragraph 100, except deny knowledge or information sufficient to form a belief as to defendant Longmire's state of mind.

101.    Deny the allegations in paragraph 101.

## AS TO COUNT FIVE

102.    Defendant incorporates its responses to paragraphs 1 through 101 of Plaintiffs' Complaint as if fully set forth herein.

103.    To the extent that paragraph 103 asserts legal conclusions to which no response is required, Defendant denies the allegations in paragraph 103; and otherwise denies the allegations in paragraph 103.

104.    To the extent that paragraph 104 asserts legal conclusions to which no response is required, Defendant denies the allegations in paragraph 104; denies knowledge or information sufficient to form a belief as to defendant Longmire's state of mind, and otherwise denies the allegations in paragraph 104.

105.    Deny the allegations in paragraph 105.

## AS TO COUNT SIX

106.    Defendant incorporates its responses to paragraphs 1 through 105 of Plaintiffs' Complaint as if fully set forth herein.

107.    To the extent that paragraph 107 asserts legal conclusions to which no response is required, Defendant denies the allegations in paragraph 107; and otherwise denies the allegations in paragraph 107.

108.   To the extent that paragraph 108 asserts legal conclusions to which no response is required, Defendant denies the allegations in paragraph 108; and otherwise denies the allegations in paragraph 108.

109.   Deny the allegations in paragraph 109.

## AS TO COUNT SEVEN

110.   Defendant incorporates its responses to paragraphs 1 through 109 of Plaintiffs' Complaint as if fully set forth herein.

111.   Deny the allegations in paragraph 111.

112.   Deny the allegations in paragraph 112.

113.   To the extent that paragraph 113 asserts legal conclusions to which no response is required, Defendant denies the allegations in paragraph 113; and otherwise denies the allegations in paragraph 113.

114.   Deny the allegations in paragraph 114.

115.   Deny the allegations in paragraph 115, except deny knowledge or information sufficient to form a belief as to defendant Longmire's state of mind.

116.   To the extent that paragraph 116 asserts legal conclusions to which no response is required, Defendant denies the allegations in paragraph 116; and otherwise denies the allegations in paragraph 116.

117.   Deny the allegations in paragraph 117.

118.   Deny the allegations in paragraph 118.

## AS TO COUNT EIGHT

119.   Defendant incorporates its responses to paragraphs 1 through 119 of Plaintiffs' Complaint as if fully set forth herein.

120.   Deny the allegations in paragraph 120.

121.   Deny the allegations in paragraph 121.

122.   Deny the allegations in paragraph 122.

123.   Deny the allegations in paragraph 123.

## AS TO COUNT NINE

124.   Defendant incorporates its responses to paragraphs 1 through 124 of Plaintiffs' Complaint as if fully set forth herein.

125.   Deny the allegations in paragraph 125.

126.   Deny the allegations in paragraph 126.

127.   Deny the allegations in paragraph 127.

128.   Deny the allegations in paragraph 128.

129.   Deny the allegations in paragraph 129.

130.   Deny the allegations in paragraph 130.

131.   Deny the allegations in paragraph 131.

132.   Deny the allegations in paragraph 132.

133.   Deny the allegations in paragraph 133.

134.   Deny the allegations in paragraph 134.

135.   Paragraph 135 sets forth legal conclusions to which no response is required, and Defendant therefore denies the allegations in paragraph 135.

136.   Paragraph 136 sets forth legal conclusions to which no response is required, and Defendant therefore denies the allegations in paragraph 136.

## AS TO COUNT TEN

137.   Defendant incorporates its responses to paragraphs 1 through 136 of Plaintiffs' Complaint as if fully set forth herein.

138.   Paragraph 138 sets forth legal conclusions to which no response is required, and Defendant therefore denies the allegations in paragraph 138.

139.   Deny the allegations in paragraph 139.

140.   Paragraph 140 sets forth legal conclusions to which no response is required, and Defendant therefore denies the allegations in paragraph 140.

141.   Deny the allegations in paragraph 141, except admit that Plaintiffs assert the tolling of any applicable statutes of limitation, but deny that they are entitled to such.

## GENERAL DENIAL

Defendant denies all allegations and/or legal conclusions set forth in Plaintiffs' Complaint that have not previously been specifically admitted, denied or explained.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof of such defenses that they would not otherwise have, Defendants affirmatively assert the following defenses:

1.      The claims of Plaintiffs may be time-barred, in whole or in part, under applicable statutes of limitations or statutes of repose, or are otherwise untimely.

2.      The Complaint fails to state a claim upon which relief can be granted.

3.      The claims of Plaintiffs may be barred, in whole or in part, from recovery because Plaintiffs have made statements or taken actions that preclude Plaintiffs from asserting claims or constitute a waiver of Plaintiffs' claims.

4.      The claims of the Plaintiffs may be barred, in whole or in part, from recovery because of the res judicata effect of prior judgments.

5.      Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

6.      If Plaintiffs have sustained damages or losses as alleged in the Complaint, upon information and belief, such damages or losses were caused in whole or in part by persons or entities other than Pfizer.

16

7.    Plaintiffs' claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

8.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Pfizer and over whom Pfizer had no control and for whom Pfizer may not be held accountable.

9.    To the extent that Plaintiffs have settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Pfizer's liability, if any, should be reduced accordingly.

10.    To the extent that Plaintiffs are seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action under Alabama law.

11.    Plaintiffs' claims of fraud are barred by reason of Plaintiffs' failure to allege the circumstances constituting fraud with particularity, as required by Federal Rule of Civil Procedure 9(b) and Alabama Rule of Civil Procedure 9(b).

12.    Plaintiffs' claims are barred in whole or in part by the First Amendment.

13.    This case may be more appropriately brought in a different venue.

14.    Venue in this case may be improper.

17

or grossly negligent and, therefore, any award of punitive damages is barred.

15.   The claims of Plaintiffs may be barred, in whole or in part, from recovery by release as to Plaintiffs' claims.

16.   The claims of Plaintiffs may be barred, in whole and in part, by the doctrine of laches.

17.   The claims of Plaintiffs are barred, in whole or in part, by Plaintiffs' failure to mitigate damages.

18.   The claims of Plaintiffs may be barred, in whole or in part, from recovery, due to spoliation of evidence.

19.   Any conduct allegedly causing liability on the part of Pfizer is not a substantial cause or factor of any potential or actual loss or damage, if any.

20.   Plaintiffs have not sustained any injury or damages compensable at law.

21.   To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused the injuries asserted in the Complaint, such an award would also, if granted, violate Pfizer's state and federal constitutional rights.

22.   To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Pfizer, no act or omission was malicious, willful, wanton, reckless, or grossly negligent and, therefore, any award of punitive damages is barred.

23.    To the extent that Plaintiffs make a claim for punitive damages, Pfizer asserts that Plaintiffs have not complied with statutory requirements to recover punitive damages.

24.    To the extent that Plaintiffs' claims invoke punitive damages, such claims violate the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

      (a)    It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon a plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

      (b)    The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution.

      (c)    The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the

award against Defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution. See Pacific Mut. Life Ins. Co. v. Haslip, 499 U.S. 1 (1991).

(d)    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

(e)    The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

(f)    The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

(g)    The retroactive application of punitive damages violates the contracts clause of the United States Constitution, Article I, Section 10.

(h)    Plaintiffs' claims for punitive damages violate the due process clause of Article I, Section 13 of the Constitution of Alabama, on the following grounds:

(1)    It is a violation of the due process clause to impose punitive damages which are penal in nature, upon a civil defendant upon a plaintiff satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(2)    The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against Defendant;

(3)    The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(4)    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and

(5)    The award of the punitive damages in this case would constitute a deprivation of property without due process of law.

(i)    Plaintiffs' attempt to impose punitive or extra-contractual damages on Defendant, on the basis of vicarious liability for the conduct of others, violates the Fifth and Fourteenth Amendments of the United States Constitution.

(j)    The award of punitive damages to Plaintiffs in this action would constitute a deprivation of property without the due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

(k)    The procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine in violation of Article I, Section 15 of the Constitution of Alabama.

(l)    The award of punitive damages against Defendant in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22 of the Constitution of Alabama.

(m)    The procedures pursuant to which punitive damages are awarded are vague and unpredictable such that they violate

22

Defendant's right to defend itself pursuant to Article I, Section 10 of the Constitution of Alabama.

(n)   The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the amount established by the legislature under Alabama Code § 27-1-17 (1975) in violation of the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 6 of the Constitution of Alabama.

25.    Plaintiffs' Complaint seeks to make Pfizer liable for punitive damages. The U.S. Supreme Court has reversed the Alabama Supreme Court in the case styled BMW of North America, Inc. v. Gore, 517 U.S. 559 (1996), on the issue of punitive damages. Pfizer adopts by reference the defenses, criteria, limitations, and standards mandated by the U.S. Supreme Court decision in that case and in Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424 (2001); State Farm Mutual Automobile Insurance Co. v. Campbell, 538 U.S. 408 (2003); and any subsequent applicable decisions.

26.    Pfizer affirmatively pleads that any punitive damages that Plaintiffs may recover in this case should be capped in keeping with Alabama Code § 6-11-

21, as amended in 1999 (Act. No. 99-358), and in the spirit of the Alabama Supreme Court's decision in <u>Oliver v. Towns</u>, 738 So. 2d 798 (Ala. 1999).

27.    The demand for punitive damages in the instant case is subject to the limitations established by the Alabama legislature and set forth in Alabama Code § 6-11-21 (1975).  Pfizer adopts by reference the defenses, criteria, limitations, and standards mandated by this Alabama statute.    The Alabama Supreme Court's action in abolishing the legislatively created cap on punitive damages was unconstitutional and is without effect.  Under the Constitutions of the United States and the State of Alabama, the Alabama Supreme Court cannot abolish the cap created by the legislature on punitive damages through this judicial decision.  <u>See</u> <u>Honda Motor Co., Ltd. v. Oberg</u>, 512 U.S. 415, 431 n.9 (1994).

28.    Pfizer avers that the punitive damage cap set out in Alabama Code § 6-11-21 (1975) applies to the instant case.  <u>See</u> <u>Horton Homes, Inc. v. Brooks</u>, 832 So. 2d 44 (Ala. 2001).

29.    Pfizer avers that any punitive damages award is subject to limitation based on harm that has occurred and harm that is likely to occur.  <u>See</u> <u>TXO Prod. Corp. v. Alliance Resources Corp.</u>, 509 U.S. 443 (1993).

30.    Pfizer avers that the method of imposing punitive damages violates Amendment 328, Section 6.11 of the Constitution of Alabama, which prohibits the

use of a procedural rule to abridge, enlarge, or modify the substantive right of any party.  See Leonard v. Terminix Int'l Co., 854 So. 2d 529 (Ala. 2002).

31.    The imposition of punitive damages is an act of policy making on the part of the judiciary, in violation of Article III, Section 43 of the Constitution of Alabama.

32.    Pfizer adopts the terms of any applicable legislative act or Alabama Supreme Court decision that now or hereafter precludes punitive damages or limits the amount of punitive damages that can be recovered in an action at law in Alabama.

33.    Plaintiffs cannot show reasonable reliance as a matter of law.

34.    Plaintiffs' claims for unjust enrichment are barred by the voluntary payment doctrine.

35.    There is no private right of action for a violation of Alabama Code §§ 20-1-26 and 20-1-27.

36.    Pfizer denies that its product was misbranded within the meaning of Alabama Code §§ 20-1-26 and 20-1-27.

37.    Plaintiffs cannot recover for the claims asserted because Plaintiffs have failed to comply with the conditions precedent necessary to bring this action.

38.    Plaintiffs' conspiracy claim is barred because Pfizer did not enter into any agreement with any other defendant or third party to further any alleged unlawful act by allegedly unlawful means.

39.    To the extent that Plaintiffs seek to recover only economic loss in tort, Plaintiffs' claims are barred by the economic loss doctrine.

40.    Plaintiffs' claims are not suitable for joinder.

41.    Defendant Longmire is improperly joined.

42.    To the extent that this action purports to hold one defendant liable for the acts of another, such violates the Due Process clause of the United States Constitution and the Alabama Constitution.

43.    Pfizer denies that it was guilty of any actionable negligence, denies that Plaintiffs were injured thereby, and denies the existence of any proximate cause to the alleged damages.

44.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured Plaintiffs.

45.    To the extent that Plaintiffs' claims and allegations against Pfizer relate to mere puffery that is not misleading to a reasonable person, such claims are not actionable.

46.    With respect to each and every purported cause of action, the acts of Pfizer were at all times done in good faith and without malice.

47.    Pfizer pleads the general issue and denies that it was liable or responsible for any alleged damages to Plaintiffs.

48.    Plaintiffs are improper parties and lack standing to prosecute this action.

49.    Plaintiffs have suffered no compensable injury or any damages.

50.    Plaintiffs' claims are barred by the doctrine of equitable estoppel.

51.    Pfizer hereby gives notice that it intends to rely upon such other defenses as may become available or appear during discovery proceeding in this case.    Pfizer hereby reserves the right to amend its answer to assert any such defense.

52.    Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Pfizer to determine all of its legal, contractual and equitable rights, Pfizer reserves the right to amend and/or supplement the averments of its answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery in this action.

53.    Pfizer incorporates any applicable affirmative defense or other defense asserted by any other defendant in this action.    Pfizer will rely on all defenses that may become available during discovery or trial.

WHEREFORE, Pfizer respectfully demands judgment dismissing Plaintiffs' Complaint with prejudice and awarding Pfizer its reasonable costs and disbursements, together with such and other and further relief that the Court may deem just and proper.

## JURY DEMAND

Pfizer demands a trial by jury as to all issues so triable.

WHEREFORE, Defendant Pfizer Inc. respectfully requests that the Court:

1.     Enter judgment in its favor on all claims alleged in the Complaint;

2.     Award Pfizer Inc. its costs, disbursements and reasonable attorneys' fees associated with these proceedings; and

3.     Grant Pfizer Inc. such other and further relief as the Court may deem just and proper.

This, the 12th day of June 2006.

Respectfully submitted,

_____

Brian A. Wahl (WAH003)
One of the Attorneys for Defendants

28

**OF COUNSEL:**

Fred M. Haston III (HAS012)
Andrew B. Johnson (JOH168)
BRADLEY ARANT ROSE & WHITE LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 521-8000
Facsimile: (205) 521-8800

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served the above and foregoing on:

### COUNSEL FOR PLAINTIFFS

Steven A. Martino
W. Lloyd Copeland
TAYLOR MARTINO KUYKENDALL
Post Office Box 894
Mobile, Alabama  36601-0894

Charles H. Dodson
Joseph D. Steadman
DODSON & STEADMAN, P.C.
Post Office Box 1908
Mobile, Alabama  36633-1908

Gregory C. Cook
BALCH & BINGHAM, LLP
1901 6th Avenue North
Suite 2600
Birmingham, Alabama  35203

**DAVID REYNOLDS LONGMIRE, M.D.**
13150 Highway 43
Russellville, Alabama  35653

by placing a copy of same in the United States Mail, first-class postage prepaid and addressed to his regular mailing address, on this _____ day of June 2006.

_____
OF COUNSEL