IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
ALABAMA ASSOCIATED            )
GENERAL CONTRACTORS, INC.,    )
et al.,                       )
                              )
     Plaintiffs,              )
                              )     CIVIL ACTION NO.
     v.                       )     2:06cv523-MHT
                              )
PFIZER, INC., etc., and       )
DAVID REYNOLDS LONGMIRE,      )
etc.,                         )
                              )
     Defendants.              )
```

ORDER

The allegations of the notice of removal are insufficient to invoke this court's removal jurisdiction under 28 U.S.C.A. §§ 1332 (diversity of citizenship) 1441 (removal).  To invoke removal jurisdiction based on diversity, the notice of removal must distinctly and affirmatively allege each party's citizenship. <u>McGovern v. American Airlines, Inc.</u>, 511 F. 2d 653, 654 (5th Cir. 1975) (per curiam).  The allegations must show that the citizenship of each plaintiff is different from that of

each defendant.  28 U.S.C.A. § 1332; see also 2 James Wm. Moore, et al., Moore's Federal Practice ¶ 8.03[5][b] at 8-10 (3d ed. 1998).

The notice of removal is insufficient because it does not indicate the citizenship of all the plaintiffs.  If the plaintiff entity is a corporation, then the notice must allege the citizenship of both the state of incorporation and where the corporation has its principal place of business.  28 U.S.C.A. § 1332(c)(2); American Motorist Insur. Co. v. American Employers' Insur. Co., 600 F.2d 15, 16 & n. 1 (5th Cir. 1979) (per curiam).  If the plaintiff entity is a partnership, the notice must indicate the citizenship of the individual partners, both general and limited.  Carden v. Arkoma Associates, 494 U.S. 185, 110 S.Ct. 1015 (1990).  If the plaintiff entity is an unincorporated association, the notice must indicate the citizenship of each and every one of its members.  Xaros v. U.S. Fidelity and Guar. Co., 820 F.2d 1176, 1181 (11th Cir. 1987).

It is therefore the ORDER, JUDGMENT, and DECREE of the court that the defendant Pfizer, Inc. has until July 5, 2006, to amend the notice of removal to allege jurisdiction sufficiently, see 28 U.S.C.A. § 1653; otherwise this lawsuit shall be remanded to state court.

DONE, this the 16th day of June, 2006.

    /s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**