IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **ALABAMA ASSOCIATED GENERAL CONTRACTORS, INC.; AUTOMOTIVE AFTERMARKET FUND; WORKERSFIRST COMPFUND; THE ALABAMA SELF-INSURED WORKERS' COMPENSATION FUND; THE HEALTHCARE WORKERS COMPENSATION SELF-INSURANCE FUND; THE ALABAMA WORKERS' COMPENSATION SELF-INSURANCE FUND; ALABAMA TRUCKING ASSOCIATION WORKERS' COMPENSATION SELF-INSURANCE FUND; and ASSOCIATION OF COUNTY COMMISSIONS SELF-INSURANCE FUND,** | \* |
| Plaintiffs, | \* |
| vs. | \*   Civil Action No. 2:06cv523-MHT |
| **PFIZER, INC., successor in interest to WARNER-LAMBERT COMPANY; DAVID REYNOLDS LONGMIRE; jointly and individually,** | \* |
| Defendants. | \* |

### PLAINTIFFS' MOTION TO REMAND THIS ACTION TO STATE COURT

Plaintiffs, by and through their counsel of record, move this Court to remand this action to the Circuit Court of Montgomery County, Alabama, whence it was improperly removed by Defendant Pfizer, Inc. In support of this Motion, Plaintiffs state as follows:

1.      Plaintiffs commenced this action on May 5, 2006, in the Circuit Court of Montgomery County. Plaintiffs assert claims for unjust enrichment, negligence, wantonness, several varieties of fraud, and civil conspiracy against Defendants Pfizer, Inc.

("Pfizer") and David Reynolds Longmire ("Longmire"), jointly and individually. Pzifer removed the action to this Court on June 12, 2006, alleging diversity-of-citizenship jurisdiction under 28 U.S.C. § 1332.

2. In support of removal, Pfizer contends that Longmire, a resident citizen of the State of Alabama, should be realigned as a plaintiff. Pfizer further contends that Longmire was fraudulently joined as a Defendant.

3. Pfizer has not adequately invoked this Court's removal jurisdiction with its conclusory allegation that the Plaintiffs are all citizens of the State of Alabama.

4. One of the Plaintiffs, the Alabama Self-Insured Workers' Compensation Fund, is an unincorporated association composed of numerous members. At least eleven of those members have the same citizenship as Pfizer, thus destroying diversity jurisdiction. For diversity-of-citizenship purposes, an unincorporated association is a citizen of every State where one of its members is a citizen.

5. Pfizer's realignment argument is without merit because there is an actual and substantial controversy between Plaintiffs and Longmire. Plaintiffs have sued Longmire for monetary damages contending that he committed various torts against them and conspired to defraud them.

6. Pfizer's fraudulent-joinder argument is without merit. Plaintiffs have pled fraud claims against Longmire with the particularity required by Fed. R. Civ. Proc. 9(b) under the governing law of this Circuit. Moreover, Plaintiffs have adequately pled reliance upon Longmire's fraudulent representations.

7. Even if Pfizer's Rule 9(b) argument were correct, which it is not, Plaintiffs have asserted valid claims against Longmire which do not involve the application of Rule

9(b).

8.  One of Plaintiffs' negligence claims and one of Plaintiffs' wantonness claims against Longmire state causes of action against him that do not implicate Pfizer's Rule 9(b) argument that Longmire's fraud has not been pled with particularity.  These negligence and wantonness claims do not have fraud as an element.  The existence of one valid claim against a resident defendant destroys diversity jurisdiction, and requires remand.

9.  Plaintiffs' civil-conspiracy claim against Longmire states a claim upon which there is a possibility of recovery in state court, and which does not implicate Pfizer's argument that Longmire's fraud has not been pled with sufficient particularity.  Longmire is civilly liable for Pfizer's overt acts causing damage, committed in furtherance of the conspiracy, whether he personally made any false representations or not.

10.  Pfizer's "causal-link" argument is without merit, because Plaintiffs have adequately pled reliance upon Longmire's false representations, and because under Alabama law, a party deceived by a false representation has a right of action even though the representation was not made directly to that party.

11.  Plaintiffs rely upon and incorporate by reference their Brief in support of this Motion, and the Exhibits thereto, filed concurrently herewith.

WHEREFORE, the premises considered, Plaintiffs submit that this action is due to be remanded to the Circuit Court of Montgomery County, Alabama.

    Respectfully submitted,

    /s/ W. Lloyd Copeland
    STEVEN A. MARTINO    (MAR057)
    W. LLOYD COPELAND    (COP006)

OF COUNSEL:

**TAYLOR ✦ MARTINO ✦ KUYKENDALL**
Post Office Box 894
Mobile, Alabama 36601-0894
Telephone:  (251) 433-3131
Facsimile:   (251) 433-4207
stevemartino@tmklegal.com
lloyd@tmklegal.com

      /s/ Charles H. Dodson
CHARLES H. DODSON            (DOD006)
JOSEPH D. STEADMAN           (STE084)

OF COUNSEL:

**DODSON & STEADMAN, P.C.**
Post Office Box 1908
Mobile, AL. 36633-1908
Telephone:  (251) 690-9300
Facsimile:   (251) 690-9311
chd@dodsonsteadman.com
jds@dodsonsteadman.com

      /s/ Gregory C. Cook
GREGORY C. COOK    (COO038)

OF COUNSEL:

**BALCH & BINGHAM, LLP**
1901 6th Avenue, N.
Suite 2600
Birmingham, AL 35203
Telephone:  (205) 251-8100
Facsimile:   (205) 226-8798
gcook@balch.com

      /s/ Robert R. Riley, Jr.
ROBERT R. RILEY, JR.            (RIL012)

**OF COUNSEL:**
RILEY & JACKSON, P.C.
1744 Oxmoor Road
Birmingham, Alabama 35209
(205) 879-5000
rob@rileyjacksonlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2006, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Brian A. Wahl, Esq.
Fred M. Haston, III, Esq.
Andrew B. Johnson, Esq.

and by placing a copy of same in the United State Mail, first-class postage prepaid and addressed to his regular mailing address to the following:

David Reynolds Longmire, M.D.
13150 Highway 43
Russellville, AL 35653

          /s/ W. Lloyd Copeland
          W. LLOYD COPELAND