IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **ALABAMA ASSOCIATED GENERAL CONTRACTORS, INC.; AUTOMOTIVE AFTERMARKET FUND; WORKERSFIRST COMPFUND; THE ALABAMA SELF-INSURED WORKER'S COMPENSATION FUND; THE HEALTHCARE WORKERS COMPENSATION SELF-INSURANCE FUND; THE ALABAMA WORKERS' COMPENSATION SELF-INSURANCE FUND; ALABAMA TRUCKING ASSOCIATION WORKER'S COMPENSATION SELF-INSURANCE FUND; and ASSOCIATION OF COUNTY COMMISSIONS SELF-INSURANCE FUND,** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil Action No.: 2:06-cv-00523-MHT-VPM ) |
| **PFIZER, INC., successor in interest to WARNER-LAMBERT COMPANY; DAVID REYNOLDS LONGMIRE; jointly and individually,** | ) ) ) ) ) |
| Defendants. | ) |

**PLAINTIFFS' MOTION FOR EXPEDITED
RULING ON MOTION TO REMAND**

Plaintiffs, by and through their counsel of record, move the Court for an expedited ruling on Plaintiffs' Motion to Remand filed contemporaneously herewith:

**I.      Factual Background**

1.      Plaintiffs commenced this action on May 5, 2006, in the Circuit Court of Montgomery County.  Plaintiffs assert claims for unjust enrichment, negligence,

wantonness, several varieties of fraud, and civil conspiracy against Defendants Pfizer, Inc. ("Pfizer") and David Reynolds Longmire ("Longmire"). Pzifer removed the action to this Court on June 12, 2006, alleging diversity-of-citizenship jurisdiction under 28 U.S.C. § 1332.

2.      In support of removal, Pfizer contends that Longmire, a resident citizen of the State of Alabama, should be realigned as a Plaintiff. Pfizer further contends that Longmire was fraudulently joined as a Defendant.   As set out in Plaintiffs' Brief supporting their Motion to Remand, both of these arguments are clearly without merit.

3.      Even more importantly, as this Court set out in its Order of June 16, 2006, Pfizer has not invoked this Court's removal jurisdiction with its conclusory allegation that the Plaintiffs, who are business entities, are all citizens of the State of Alabama. Pfizer cannot cure this defect because one of the Plaintiffs, the Alabama Self-Insured Workers' Compensation Fund ("Alabama Fund"), is an unincorporated association composed of numerous members. For diversity-of-citizenship purposes, an unincorporated association is a citizen of every State where one of its members is a citizen. At least eleven members of the Alabama Fund have the same citizenship as Pfizer, thus destroying diversity jurisdiction. *See* Plaintiffs' Brief supporting their Motion to Remand, and Exhibits 1 and 2 thereto. Diversity is lacking even if Longmire is not considered.

**II.     The Neurontin MDL And Stay Of Remand Rulings By The MDL Court**

4.      A number of actions have been filed nationwide against Pfizer for the "off-label" marketing of the prescription drug Neurontin. A multidistrict litigation proceeding ("MDL") has been established by the Judicial Panel on Multidistrict Litigation ("JPML"), *In Re Neurontin Marketing and Sales Litigation*, MDL No. 1629. This MDL is located in

Boston, Massachusetts.

5.      Pfizer's usual practice, upon removing a case based on "off-label" marketing of Neurontin to federal court, is to advise the JPML that the case is a "tag-along action" subject to MDL transfer.  The JPML will then issue a Conditional Transfer Order, which will result in the action being transferred to MDL No. 1629 as a "tag-along."  See Rules 7.4, 7.5 of the JPML.  Pfizer assuredly will notify the JPML that this case is a "tag-along action." Consistent with its practice, Pfizer will then seek to have a determination of Plaintiffs' Motion to Remand stayed pending MDL transfer, so that the issue of subject-matter jurisdiction will be shipped off to the MDL transferee court in Massachusetts.

6.      Deferring Plaintiffs' Motion to Remand for the District of Massachusetts to resolve will have adverse consequences for this action.  On February 17, 2006, the MDL transferee court entered an order staying all pending motions to remand in MDL No. 1629 pending resolution of class certification.  The stay was lifted in May, 2006, for products-liability actions, but third-party-payor cases, such as this one, are still subject to the stay. It should be noted that MDL No. 1629 was established on October 26, 2004, but the MDL transferee court did not stay pending remand motions until February 17, 2006.  Before this formal stay order was entered, motions to remand simply sat in limbo for as long as sixteen months.  This is, unfortunately, typical of what happens to remand motions when they are transferred to an MDL.

7.      Ample authority holds that a determination of the threshold issue of subject-matter jurisdiction should not be inordinately delayed in this manner.  This is especially true in the instant case, where federal subject-matter jurisdiction is clearly lacking under the allegations of Pfizer's Notice of Removal.

### III. Applicable Authority Supports This Court's Ruling On Remand Before MDL Transfer

8. An expedited ruling is supported by Eleventh Circuit authority that subject-matter jurisdiction must be determined as soon as possible. "Federal courts are courts of limited jurisdiction and are required to inquire into their jurisdiction at the earliest possible point in the proceeding." *Kirkland v. Midland Mortgage Co.*, 243 F.3d 1277, 1279-80 (11th Cir. 2001). "A necessary corollary to the concept that a federal court is powerless to act without jurisdiction is the equally unremarkable principle that a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings . . . . '[I]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded' to the state court from whence it came." *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

9. Further, the Eleventh Circuit has expressly stated its preference for an immediate determination of subject-matter jurisdiction, and accordingly, its preference for an immediate determination of remand motions. "[A] federal court must remand for lack of subject matter jurisdiction notwithstanding the presence of other motions pending before the court." *University of South Alabama*, 168 F.3d at 411. It has also given deference to a plaintiff's choice of forum. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). The governing policy consideration was well stated by the Fifth Circuit in *Brown v. Demco, Inc.*, 792 F.2d 478, 482 (5th Cir. 1986), when it held, in the removal/remand context, "The forum for a suit ought to be settled at some time early in the litigation."

10. It is beyond dispute that this Court has the authority to rule on the Motion to Remand even while MDL transfer is pending. Rule 1.5 of the JPML provides that a pending

MDL transfer does not affect or suspend orders and pretrial proceedings in, or the pretrial jurisdiction of, the transferor court. The *Manual for Complex Litigation, Fourth,* § 20.131, specifically notes that a transferor court may determine remand motions while an MDL transfer is pending. As recognized by this Court in its June 16, 2006, Order, subject-matter jurisdiction is lacking here, and Plaintiffs therefore submit that this Court should exercise its discretion to rule on the Motion to Remand prior to MDL transfer.

11.    District courts across the country have recognized the importance of an expedited ruling on remand prior to MDL transfer. *E.g., Bellorian v. Bridgestone/Firestone, Inc.,* 236 F. Supp. 2nd 670, 676 (W.D. Tex. 2001) (request for stay pending MDL transfer - - in removal situations, the court noted "Congress's intention that the issue of federal jurisdiction be determined in an expeditious manner"); *Tortola Restaurants, L.P. v. Kimberly-Clark Corp.*, 987 F. Supp. 1186, 1188-89 (N.D. Cal. 1997) (request for stay pending MDL transfer - - holding that ruling on the remand issue "will facilitate litigation in the appropriate forum" and thereby best serve judicial economy); *Villarreal v. Chrysler Corp.*, 1996 WL 116832, at *1 (N.D. Cal.) (same); *Sherwood v. Microsoft Corp.,* 91 F. Supp. 2d 1196, 1198-99 (M.D. Tenn. 2000) (case remanded despite a motion to stay pending MDL transfer, and with over forty class actions filed against the defendant, because "jurisdictional issues should be decided as soon as practicable"); *Coker v. Purdue Pharma Co.*, 314 F. Supp. 2d 777, 780 n. 3 (W.D. Tenn. 2004) (motion to transfer venue - - remanding case because jurisdictional issues take precedence over transfer issues); *Dantzler v. American Home Products Corp.*, 2000 WL 34333156, at *1 (N.D. Miss.) (request for stay of remand ruling pending MDL transfer - - denying stay and noting that "since the district court is empowered to decide preliminary issues while the MDL

deliberates, a stay [of a jurisdictional ruling] is rarely advisable").[1]

12.   The Plaintiffs will be prejudiced if the remand motion is sent to an MDL-transferee court.  As noted above, the MDL Court has stayed a decision on third-party-payors' remand motions pending determination of class certification.  Even then it is conjectural as to when these remand motions will be decided.  Some of Plaintiffs' counsel herein are also counsel for the plaintiffs in a removed case which was transferred to MDL No. 1629 on December 20, 2004, *Coleman, et al. v. Pfizer, Inc., et al.*, Civil Action No. 04-463-WS-L (S.D. Ala.)  Despite the fact that Plaintiffs' motion to remand in *Coleman* had been fully briefed <u>before</u> MDL transfer, there has been no ruling on the motion to remand as of this date.

13.   Thus, it could well be additional <u>years</u> before Plaintiffs' Motion to Remand is ruled upon, if it is transferred to the MDL.  This assessment was recently echoed in *Rosamond v. Garlock Sealing Technologies, Inc.*, 2004 WL 1059811 (N.D. Miss.), wherein the court noted that a case transferred to an MDL court "generally languishes for a protracted period of time."  *Id.* at *2.  The court further wrote:

> Plaintiffs note that any ruling on a motion to remand by the overburdened MDL court often takes years, thus preventing plaintiffs from even having their jurisdictional arguments heard for a very lengthy period of time. . . . Counsel for plaintiffs noted that no ruling on [another] pending motion to remand [in a case transferred to an MDL] has been made by the MDL court for three years, and the court has no reason to doubt that this assertion is correct.

*Id.* at *5.

---

[1] These decisions are consistent with the mandate of 28 U.S.C. § 1447(c), governing removed cases, which provides, "If <u>at any time</u> before final judgment it appears that the district court lacks subject matter jurisdiction, the case <u>shall be</u> remanded." (Emphasis added).

14. Not only would the delay inevitably resulting from necessary MDL procedures adversely impact Plaintiffs, <u>it would adversely affect judicial economy and contravene the rule that jurisdictional issues should be determined as soon as practicable, especially in removed cases</u>. The First Circuit, where MDL No. 1629 is pending, has recognized that a federal court "is obliged to address the propriety of removal as a threshold matter." *Am. Policyholders Ins. Co. V. Nyacol Prods., Inc.* 989 F.2d 1256, 1258 (1st Cir. 1993). The JPML has observed that plaintiffs in cases transferred to MDLs should not have their cases "enter[ ] some black hole, never to be seen again." *In re Asbestos Prod. Liability Litig.,* 771 F. Supp. 415, 423 n. 10 (J.P.M.L. 1991). Unfortunately, that is precisely what typically happens to remand motions, and that is precisely what is happening to remand motions now in MDL No. 1629. Thus, Plaintiffs' Motion to Remand should be decided on an expedited basis, especially given the clear lack of diversity in this case.

**IV.   Conclusion**

For the reasons previously set out, Plaintiffs respectfully submit that their Motion to Remand should be decided on an expedited basis.

                Respectfully submitted,

                _____
                STEVEN A. MARTINO   (MAR057
                W. LLOYD COPELAND  (COP006)

**OF COUNSEL:**

TAYLOR ◆ MARTINO ◆ KUYKENDALL
Post Office Box 894
Mobile, Alabama 36601-0894
Telephone:   (251) 433-3131


Facsimile:    (251) 433-4207
stevemartino@tmklegal.com
lloyd@tmklegal.com

/s/ Charles H. Dodson
CHARLES H. DODSON    (DOD006)
JOSEPH D. STEADMAN    (STE084)

**OF COUNSEL:**
DODSON & STEADMAN, P.C.
Post Office Box 1908
Mobile, AL 36633-1908
(251) 690-9300
chd@dodsonsteadman.com
jds@dodsonsteadman.com

/s/ Gregory C. Cook
GREGORY C. COOK (COO038)

**OF COUNSEL:**
BALCH & BINGHAM, LLP
1901 6TH Avenue North
Suite 2600
Birmingham, Alabama 35203
(205) 251-8100
gcook@balch.com

/s/ Robert R. Riley, Jr.
ROBERT R. RILEY, JR.  (RIL012)

**OF COUNSEL:**
RILEY & JACKSON, P.C.
1744 Oxmoor Road
Birmingham, Alabama 35209
(205) 879-5000
rob@rileyjacksonlaw.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 26, 2006, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Brian A. Wahl, Esq.
Fred M. Haston, III, Esq.
Andrew B. Johnson, Esq.

and by placing a copy of same in the United State Mail, first-class postage prepaid and addressed to his regular mailing address to the following:

David Reynolds Longmire, M.D.
13150 Highway 43
Russellville, AL 35653

                                          W. LLOYD COPELAND